NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
AUG 23 2012
AT 8:30_____M
WILLIAM T. WALSH, CLERK

Yehudah Tziyon Ke'ish MIL'
CHAMOT, et al.,

        Plaintiffs,

v.

GARY M. LANIGAN, in his official
individual and official capacity acting under
color of state,

        Defendants.

Civ. No. 12-3834

MEMORANDUM ORDER

THOMPSON, U.S.D.J.

    This matter is before the Court on Defendant Commissioner Gary M. Lanigan's Motion to Strike the Complaint Pursuant to Fed. R. Civ. P. 11(a) [docket # 4]. Plaintiff Yehudah Tziyon Ke'ish Mil'Chamont opposes the Motion, and appears to cross-move for injunctive relief as he claims he is being refused legal copies and legal materials from the law library by the New Jersey Department of Correction (N.J.D.O.C.) [5]. For the reasons set forth below, Defendant's Motion will be granted and Plaintiff Mil'Chamont's cross-motion denied.

    In his moving papers Defendant argues that the Complaint should be stricken because none of the Plaintiffs signed it in accordance with Federal Rule of Civil Procedure 11(a). Federal Rule of Civil Procedure 11(a) provides that every pleading "must be signed by at least one attorney of record in the attorney's name–or by a party personally if the party is unrepresented." *Id.* Where a party fails to sign its pleading, the "court must strike an unsigned paper" unless the party promptly rectifies the omission. *Id.* Defendant notes he has serious concerns about whether two or more plaintiffs–listed in the Complaint as Jacquar Stokes and

1

JaQuise Wooson–are even aware of this lawsuit, as their names are listed incorrectly in the Complaint as compared to N.J.D.O.C.'s Offender Search Engine. *See* (Def's Br. at 4). In response, Plaintiff Yehudah Tziyon Ke'ish Mil'Chamont contends, inter alia, that three of the four Plaintiffs did sign the original motion. In support of this contention, he attaches a letter purportedly from the Superior Court of New Jersey in which the Court states that it had only received fee waiver requests from Plaintiffs Mil' Chamont and Marion Jacobs and "[f]urther, Jacquar Wooson has not signed the complaint." (Ex. A at 1). In reply [6], Commissioner Lanigan notes that even though Plaintiffs failed to effect proper service, he would accept the Complaint served, along with Judge Jacobson's Order, as sufficient and requests termination of his motion unless the Court has its own objection.

Reviewing the Complaint and accompanying material submitted by Plaintiff Mil'Chamont, the Court does object to the pleading as filed. Because it appears that at least one of the Plaintiffs did not provide a signature and it appears that there may be some discrepancy as to the individual involved, *compare* Ex. A at 1 ("Jacquar Wooson has not signed the complaint") *with* Ex. A at 2 ("JaQuise Wooson must submit an identical version of the complaint" and "JaQuise Wooson and Jaquar Stokes must submit the filing fee for the complaint or completed fee waivers"), the Court believes that it would be prudent to ensure that the Court only adjudicates the rights of those Plaintiffs who wish to join this lawsuit and have complied with all appropriate rules. Consequently, the Court will ask all Plaintiffs wishing to proceed in the above captioned action to file a new complaint signed by all individuals outlining their claims. At that time, Defendant may file an amended answer as appropriate.

Regarding Plaintiff Mil' Chamont's cross-claim, Plaintiff appears to seek a preliminary injunction to permit him additional access to the library and access to materials to proceed in this

action. Whether or not a court should grant a preliminary injunction is committed to the sound discretion of the trial court. *See Penn Galvanizing Co. v. Lukens Steel Co.*, 468 F.2d 1021, 1023 (3d Cir. 1972). However, a court must always be mindful that an injunction is "an extraordinary remedy which should be granted only in limited circumstances." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

In exercising its discretion, the Court must be convinced that all four of the following factors favor preliminary relief: (1) the likelihood of success on the merits; (2) the extent to which the moving party will suffer "irreparable harm" without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest. *See Clean Ocean Action v. York*, 57 F.3d 328, 331 (3d Cir. 1995).

The Supreme Court of the United States has held that prisoners have a fundamental right of access to the courts, which requires prison authorities to provide adequate law libraries or adequate assistance from persons trained in the law. *See Bounds v. Smith*, 430 U.S. 817 (1977). *Bounds* did not, however, create an "abstract, free-standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). An actual injury is a necessary element of all claims of violations of an inmate's right of access to the courts. *See id.*; *see also Ingalls v. Florio*, 968 F. Supp. 193, 202 (D.N.J. 1997). "Insofar as the right vindicated by *Bounds* is concerned, 'meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. "He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the

courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." *Id.*

Plaintiff has not met this burden. He has failed to allege an actual injury. He has not stated that he has been unable to file pleadings in this action. In fact, in the present case the Court has received a response regarding the notice of removal [3] and a timely filed opposition brief to the instant motion to strike [5]. There simply has been no showing of a likelihood of success on the merits in accordance with the standards set forth in *Lewis*. Because Plaintiff has failed to satisfy the first factor to be considered for granting a preliminary injunction, the remaining factors need not be considered.

For the foregoing reasons, it is on this 20 day of August, 2012,

ORDERED that Commissioner Lanigan's Motion to Strike the Complaint, pursuant to Fed. R. Civ. P. 11(a), [docket #4] is hereby GRANTED; and it is further

ORDERED that Plaintiff Yehudah Tziyon Ke'ish Mil'Chamont's request for injunctive relief is hereby DENIED; and it is finally

ORDERED that the Complaint is stricken and Plaintiffs shall have thirty (30) days to file an Amended Complaint consistent with Fed. R. Civ. P. 11(a).

ANNE E. THOMPSON, U.S.D.J.

4